UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS MARTINEZ | CIVIL ACTION |
| VERSUS | NO. 16-14896 |
| DANTE CUNNINGHAM, ET AL. | SECTION "R" (5) |

# ORDER AND REASONS

Plaintiff moves to exclude evidence of his drug and criminal records.[1] Plaintiff also moves to exclude evidence of his smoking history and past injuries.[2] For the following reasons, the first motion is granted in part and denied in part, and the second motion is denied.

## I. BACKGROUND

This case arises out of injuries sustained by plaintiff Nicholas Martinez when the door of a transport trailer fell on him. Plaintiff alleges that on April 18, 2016, he was helping defendant Dante Cunningham load Cunningham's car and motorcycle into a transport trailer.[3] The rear of this transport trailer featured a large cargo door hinged at the bottom.[4] While the door usually

---

[1] R. Doc. 57.
[2] R. Doc. 58.
[3] R. Doc. 1 at 2-3 ¶¶ 5-6.
[4] *Id.* at 3 ¶ 7.

opened and closed by means of a cable and winch system, the system was broken at the time.[5]

According to plaintiff, he and Cunningham tried to pull the door down manually.[6] Because Cunningham, who is 6' 8", is much taller than plaintiff, initially only Cunningham could reach the top of the door.[7] Plaintiff positioned himself beneath the door and waited for Cunningham to lower it to where plaintiff could reach it.[8] According to plaintiff, Cunningham then let go of the door because it was too heavy, causing the door to crush plaintiff's legs and injure his back.[9]

Plaintiff sued Cunningham for damages on September 22, 2016. Plaintiff added USAA Casualty Insurance Company, which provided liability insurance to Cunningham, as a defendant on December 14, 2016.[10] Trial is set for February 26, 2018. Plaintiff now moves to exclude evidence of his drug and criminal records and evidence of his smoking history and past injuries as irrelevant and unduly prejudicial.[11]

---

[5] *Id.* at 3 ¶ 8.
[6] *Id.* at 3-4 ¶¶ 8-9.
[7] *Id.*
[8] *Id.* at 4 ¶ 9; R. Doc. 63 at 2-3.
[9] R. Doc. 1 at 4 ¶ 9.
[10] R. Doc. 5.
[11] R. Docs. 57, 58.

## II. DISCUSSION

Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. All relevant evidence is admissible, unless otherwise proscribed by law. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id.* Evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Subject to Rule 403, evidence of a witness's past conviction of a felony is admissible to impeach a witness. Fed. R. Evid. 609(a)(1)(A).

### A. Criminal Records

On July 6, 2015, plaintiff pleaded guilty to possession of alprazolam (Xanax), a felony.[12] *See* La. R.S. § 40:969(C)(2). Defendants seek to introduce plaintiff's criminal record for three purposes: to impeach his testimony, to show his ability to work, and to show motive for seeking

---

[12]    R. Doc. 64 at 2.

excessive monetary damages.[13] Rule 403 governs the admissibility of this evidence for all three purposes.

First, evidence of plaintiff's criminal record is inadmissible to impeach his testimony. While Rule 609 permits a party to attack a witness's character for truthfulness with evidence of a criminal conviction, this rule is subject to Rule 403's balancing test. Fed. R. Evid. 609(a)(1)(A). Plaintiff's criminal history is limited to one conviction for possession of Xanax. This conviction has little probative value because it neither suggests plaintiff's dishonesty nor relates to the accident at issue in this suit. *See Tate v. Union Oil Co. of Cal.*, 968 F. Supp. 308, 311 (E.D. La. 1997). And evidence of a drug conviction could unfairly prejudice plaintiff by biasing the jury against him. Thus, evidence of plaintiff's criminal record is inadmissible for the purpose of impeachment because the risk of unfair prejudice substantially outweighs the probative value.

Second, evidence of plaintiff's criminal record is also inadmissible to show plaintiff's ability to work. Because plaintiff seeks damages for lost wages and lost earning capacity, his ability to work and earning capacity are clearly relevant. Plaintiff's criminal history is relevant to show that his ability to work and earning capacity are lower than they otherwise would be. *See*

---

[13] R. Doc. 64 at 6-7.

*Ernestine v. Hi-Vac LLC*, No. 15-23, 2016 WL 5936883, at *4 (S.D. Miss. Oct. 12, 2016) (holding that evidence of plaintiff's criminal history is relevant "to show that his career prospects are limited by his criminal record and that any assessment of his lost future income must take this into account"). But, as explained earlier, the risk of unfair prejudice is high. *See id.* Moreover, defendants may demonstrate plaintiff's diminished ability to work and earning capacity through evidence of plaintiff's post-conviction work history. Thus, evidence of plaintiff's criminal record is inadmissible to show plaintiff's ability to work because the risk of unfair prejudice substantially outweighs the probative value.

Third, evidence of plaintiff's criminal record is inadmissible to show motive to seek excessive damages. Defendants fail to explain how plaintiff's *motive* to seek excessive damages relates to the *amount* of damages to which plaintiff may be entitled. Thus, it is unclear how this motive makes any material fact more or less likely to be true. *See* Fed. R. Evid. 401. Even if plaintiff's motive to seek excessive damages were relevant, the risk of unfair prejudice would substantially outweigh the probative value of plaintiff's criminal history.

Plaintiff's criminal history is therefore inadmissible for any purpose at trial.

### B. Results of Drug Tests

After testing positive for marijuana while on probation, plaintiff was required to undergo frequent drug screenings.[14] Plaintiff's 33 drug screenings since January 2017 have been negative, except for six screenings that tested positive for methadone.[15] Plaintiff points to evidence that Nucynta, a painkiller prescribed to plaintiff, can cause a false positive for methadone.[16] Plaintiff was also prescribed Oxycodone, but never tested positive for opiates.[17]

Defendants seek to introduce plaintiff's *negative* test results as evidence that plaintiff has not consistently taken his pain medication.[18] According to defendants, this fact first suggests that plaintiff "is exaggerating his injuries so that he can obtain pain medications for other purposes."[19] This reasoning is groundless and inflammatory, and evidence of plaintiff's drug tests is not admissible for this purpose. Defendants next argue that plaintiff's negative test results show that he "may not be in as much pain as he is alleging," and suggest that he "is exacerbating his injuries solely for the

---

[14] R. Doc. 64 at 6-7.
[15] R. Doc. 57-1 at 1.
[16] *See* R. Doc. 57-4 at 1.
[17] *See* R. Doc. 64 at 3.
[18] *Id.* at 5.
[19] *Id.*

purposes of receiving a higher award in damages in this litigation."[20] These facts bear directly on the issue of damages for pain and suffering. Moreover, evidence of *negative* test results would not paint plaintiff as a drug abuser in the eyes of the jury, as plaintiff argues. Thus, evidence of plaintiff's negative test results is admissible on the issue of damages for pain and suffering.

## C. Smoking History and Past Injuries

Dr. Lance Estrada, one of defendants' experts, performed a medical examination of plaintiff. In his report, Dr. Estrada notes that plaintiff fully recovered from the accident despite his smoking history.[21] Dr. Estrada also mentions plaintiff's previous injuries to his right tibia and left clavicle.[22] Dr. Estrada opines that plaintiff's smoking history and previous injuries contribute to the pain plaintiff experiences.[23]

This evidence is neither irrelevant nor unduly prejudicial. Whether plaintiff's pain is partially attributable to his smoking history or previous injuries is clearly relevant to damages. Plaintiff does not articulate how this evidence would create the danger of unfair prejudice. To the extent that plaintiff challenges the validity of Dr. Estrada's conclusions, he can do so on

---

20 *Id.*
21 R. Doc. 58-4.
22 *Id.* at 2.
23 *Id.*

7

cross-examination. Thus, evidence of plaintiff's smoking history and previous injuries is admissible on the issue of damages for pain and suffering.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion to exclude evidence of plaintiff's criminal history and drug records. Evidence of plaintiff's criminal history is inadmissible at trial for any purpose, and evidence of plaintiff's drug records is admissible only on the issue of damages for pain and suffering. The Court DENIES plaintiff's motion to exclude evidence of his smoking history and previous injuries.

New Orleans, Louisiana, this __6th__ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE